

**Muriel Goode-Trufant**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Eric Teszler**
*Assistant Corporation Counsel*
Office: (212) 356-1652

July 5, 2024

**VIA ECF**
Hon. Paul A. Engelmayer
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        *Re:*    *K.A., et al. v. City of N.Y., et al.*, 24-cv-01117 (PAE)

Dear Judge Engelmayer:

      I am an Assistant Corporation Counsel in the Office of Corporation Counsel, Muriel Goode-Trufant, Acting Corporation Counsel, attorney for Defendants in the above-referenced action.

      Pursuant to the Court's June 3, 2024 Order (ECF No. 15), the parties respectfully submit this joint letter to advise the Court as to (1) a brief description of this case; (2) any contemplated motions; and (3) the prospect for settlement.

      **1.**    **Brief Description of the Case**

      Plaintiffs seek, *inter alia*, compliance with underlying Findings of Fact and Decisions ("FOFDs"), injunctive relief, and attorneys' fees, costs, and expenses for legal work performed in the administrative proceedings, as well as for this action, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. More specifically, the February 15, 2024 Complaint (ECF No. 1) details particular items from the various FOFDs and/or unconditional "pendency" entitlements that have yet to be implemented, relative to the thirty-six (36) students referenced therein. In their May 31, 2024 Answer (ECF No. 14), Defendants represented that a number of the outstanding items to be implemented have since been resolved. For those items which have not yet been resolved, Defendants respectfully referred the Court to *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023) to observe that "[t]he [New York City Department of Education] receives thousands of funding requests under the IDEA at the start of each school year and spends hundreds of millions of dollars annually to fund placements. . . . Any agency will need some amount of time to process and pay submitted invoices."). Accordingly, Defendants intend to implement each of the FOFDs in full within the ordinary course of business.

      Plaintiffs additionally note that, as set forth in their Complaint, in *L.V. v. NYC Department of Education*, which settled in 2007, the DOE agreed to adhere to benchmarks for improving

implementation, including that the DOE would implement payment orders within 35 days. Plaintiffs understand that defendants need time to process and pay submitted invoices. However, there are some outstanding submissions that were made over a year ago. Plaintiffs are families who struggle to secure decent educational programming for their children, not well-capitalized financial institutions who can weather delays of this magnitude. There is no available mechanism requiring defendants to pay interest, no matter how long defendant takes to make these payments. It is thus plaintiffs' position that, despite the defendant's on-account payments, defendant is not processing plaintiffs' payments in a timely manner.

At this juncture, the parties are in agreement that, for approximately ten (10) of the thirty-six (36) students referenced in the Complaint, their implementation claims have been resolved in full. In light of the current case status, in tandem with Defendants' willingness to implement in full the outstanding items set forth in the FOFDs, the parties respectfully propose the following. First, there is no need for formal discovery at this time. Instead, Plaintiffs have provided, and will continue to provide, to Defendants whatever documentation (*e.g.*, invoices) is reasonably required by the FOFDs to implement same. Furthermore, so as to resolve the substantive claims in this matter, the parties additionally propose filing joint status letters on a monthly basis which detail the number of students for whom implementation remains outstanding. Consistent with this, the parties' shared hope and expectation is that Defendants will continue to implement the FOFDs, and that the substantive claims will ultimately be resolved within the ordinary course of business. Thereafter, the parties will shift their attention to addressing Plaintiffs' claim for reasonable attorneys' fees, costs, and expenses. On that score, counsel for the parties have in other matters previously been able to resolve in full IDEA fee claims without needing to engage in motion practice. The parties are optimistic that this matter will follow the same course.

2. **Contemplated Motions**

For the reasons set forth in the preceding section, the parties do not foresee a need for motion practice at this time. To the extent that motion practice becomes necessary, the parties will proceed according to Your Honor's Individual Rules and Practices in Civil Cases regarding any required pre-motion submissions.

3. **Prospect for Settlement**

As also forth in Section 1. above, the parties are optimistic that this matter will settle. To that end, the parties respectfully reiterate their suggestion of providing monthly updates regarding implementation of the underlying orders, and that upon resolution of same, the parties will turn to the issue of Plaintiffs' attorneys, fees, costs, and expenses—which the parties are additionally optimistic can be settled.

The parties thank the Court for considering this submission.

Respectfully submitted,

*/s/ Eric Teszler*
Eric Teszler, Esq.
Assistant Corporation Counsel

cc:     Gary S. Mayerson, Esq. (via ECF)